428 F.3d 387
 UNITED STATES of America, Appellee,
v.
Frank ESTRADA, also known as "The Terminator," also known as "Big Dog," also known as Frankie Estrada, also known as "Mustard"; Isaias Soler, also known as "Eso"; Nelson Carrasquillo; William Rodriguez, also known as Billy Rodriguez, also known as William Gomez, also known as Billy Gomez, also known as "Billy the Kid"; Felix Dejesus, also known as "Dino"; Eddie Lawhorn, also known as "Fat Boy"; Yamarr Shipman, also known as "Country," also known as "Mar"; Michael Hilliard, also known as "Mizzy"; Pablito Cotto; Rosario Cotto, also known as "Sato"; Jermaine Jenkins, also known as "Fats"; Joseph Butler, also known as "Pee Wee"; Viviana Jiminez; Kelvin Vereen; Felipe Santana, also known as "Omar Soto"; Tamarius Maner, also known as "Trigger"; Gloria Vargas; Hector Cruz, also known as "Casper"; Enrique Martinez, also known as Ricky Zapata; Carmen Cotto, also known as "CC"; Ricardo Rosario, also known as "Q"; Hector Gonzalez, also known as "June Bug"; Felipe Santana, also known as Omar, Charles Dejesus, Edward Estrada, Benito Rosario, Defendants,
Daniel Herredia, also known as "D-Nice," Makene Jacobs, also known as "Madee," Defendants-Appellants.
 Docket No. 02-1544-CR(L).
 Docket No. 02-1594(CON).
 United States Court of Appeals, Second Circuit.
 Argued: September 19, 2005.
 Decided: November 2, 2005.
 
 Earle Giovanniello (Jason P. Gladstone, Westport, CT, on the brief), New Haven, CT, for Defendant-Appellant Daniel Herredia.
 Jose M. Rojas, Shipman & Goodwin, LLP, Hartford, CT, for Defendant-Appellant Makene Jacobs.
 Alex Hernandez, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, Alina Reynolds, Assistant United States Attorney, on the brief, Sandra S. Glover, Assistant United States Attorney, of counsel), Bridgeport, CT, for Appellee.
 Before: WINTER, SOTOMAYOR, WESLEY, Circuit Judges.
 SOTOMAYOR, Circuit Judge.
 
 
 1
 Defendants-appellants Makene Jacobs and Daniel Herredia appeal from judgments entered in the District Court for the District of Connecticut (Underhill, J.) sentencing both defendants to mandatory terms of life imprisonment for conspiring to possess with intent to distribute heroin in excess of 1000 grams, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. In a concurrently filed summary order, we address the appellants' challenges to the district court's rulings on evidentiary matters, a trial motion for severance, the appellants' claims of ineffective assistance of counsel at trial, lack of a fair trial, and various sentencing issues. Here, we hold that prior convictions that trigger a mandatory minimum lifetime sentence under § 841(b)(1)(A), but which do not affect the statutory maximum sentence, need not be charged in the indictment or proved to a jury beyond a reasonable doubt.
 
 BACKGROUND
 
 2
 Appellants were charged in a multicount indictment with conspiring to possess with intent to distribute in excess of 1000 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Following a trial, both Jacobs and Herredia were convicted of conspiring to possess with intent to distribute 1000 grams of heroin, subjecting them to a statutory sentencing range of ten years' to life imprisonment under § 841(b)(1)(A). In accordance with the requirements of 21 U.S.C. § 851, the government filed felony informations before trial with respect to Jacobs and Herredia. Because both defendants had at least two prior felony drug convictions, the district court sentenced each of them to mandatory terms of life imprisonment under § 841(b)(1)(A). Appellants challenge the imposition of those mandatory life terms.
 
 DISCUSSION
 
 3
 Appellants argue that the district court's imposition of mandatory terms of life imprisonment under 21 U.S.C. § 841(b)(1)(A), which requires a life sentence where a defendant already has at least two prior felony drug convictions, violates their rights under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment. They contend that prosecutors must charge prior convictions in the indictment and prove them to a jury beyond a reasonable doubt. We disagree.
 
 
 4
 Section 841(b)(1)(A) sets forth a sentencing range of ten years' to life imprisonment for defendants convicted of narcotics offenses involving, inter alia, 1000 grams or more of heroin. Section 841(b)(1)(A) provides, however, for a mandatory minimum sentence of twenty years' incarceration "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final," and a mandatory minimum lifetime sentence "[i]f any person commits a violation of this subparagraph ... after two or more prior convictions for a felony drug offense have become final." Id. The statute thus establishes increasing mandatory minimum sentences depending on a defendant's prior felony drug convictions while the statutory maximum of life imprisonment remains constant.
 
 
 5
 We recently held in United States v. Gonzalez, 420 F.3d 111 (2d Cir.2005), that drug quantity is an element of the offense that must be charged in the indictment and proved to a jury beyond a reasonable doubt or admitted by the defendant where the quantity triggers a change in both the mandatory minimum sentence and the maximum sentence because, under § 841(b)(1)(A) and (b)(1)(B), "mandatory minimums operate in tandem with increased maximums." Id. at 129. Gonzalez had pleaded guilty to an indictment charging a conspiracy to distribute and possess with intent to distribute fifty grams of cocaine base. Id. at 114. In his allocution, however, although Gonzalez admitted participating in a drug conspiracy, he specifically denied that he had distributed fifty grams or more of cocaine base. Id. at 116-17. In the interim between Gonzalez's plea and sentence, the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and we decided United States v. Thomas, 274 F.3d 655 (2d Cir.2001) (en banc). Although the defendant had not admitted selling a specific drug quantity, the district court imposed a mandatory minimum sentence based on an amount the court found the defendant had distributed by a preponderance of the evidence. We held that quantity under § 841(b)(1)(A) and (b)(1)(B) is an element of the offense that must be found by a jury or admitted by the defendant before a mandatory minimum sentence may be imposed because, under the structure of § 841, threshold drug amounts alter both mandatory minimums and statutory maximums. Gonzalez, 420 F.3d at 126 ("[W]hen drug quantity raises a mandatory minimum sentence under § 841, it simultaneously raises a corresponding maximum, thereby increasing a defendant's authorized sentencing range above what it would have been if he had been convicted of an identical unquantified drug crime.").
 
 
 6
 The instant case is governed not by Gonzalez, however, but by the Supreme Court's ruling in Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). In Harris, the Supreme Court considered an Apprendi challenge to a mandatory minimum sentence imposed pursuant to 18 U.S.C. § 924(c)(1)(A) for brandishing a firearm during and in relation to a drug-trafficking crime. See 536 U.S. at 551-52, 122 S.Ct. 2406. Like § 841(b)(1)(A), that statute provides increasing mandatory minimum sentences, depending on a defendant's specific firearm use, while the maximum of life imprisonment remains constant. The Supreme Court ruled that firearm use was a sentencing factor rather than an element of the crime, with a plurality reasoning that Apprendi does not apply to "a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum), for the jury's verdict has authorized the judge to impose the minimum with or without the finding." Id. at 557, 122 S.Ct. 2406. Here, under § 841(b)(1)(A), the mandatory minimum sentence depends on drug quantity, which the jury found in this case. Mandatory increases above that minimum are determined by prior felony drug convictions, but the statutory maximum remains constant, having been determined by the drug quantity found by the jury.
 
 
 7
 We recognize that sentencing factors typically "channel judicial discretion" within the range authorized by the jury's verdict, increasing the minimum sentence and therefore narrowing the range within which a judge may exercise sentencing discretion. Id. at 567, 122 S.Ct. 2406. In cases such as this one, where the mandatory minimum is equivalent to the statutory maximum, the trial judge is left with no discretion in determining an appropriate sentence once he or she finds that the mandatory minimum applies. While this circumstance deprives the judge of sentencing discretion, the finding nonetheless restrains the judge's power within the outer limits set by the applicable statutory maximum, and the finding thus does not increase the penalty "beyond the prescribed statutory maximum." Apprendi, 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). We thus conclude that the increasing mandatory minimum sentences for prior felony drug convictions in this case fit within the Harris paradigm.[1]
 
 
 8
 Moreover, as we held in United States v. Santiago, 268 F.3d 151 (2d Cir.2001), the Supreme Court's ruling in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that recidivism is a sentencing factor rather than an element of the crime, remains good law, and it is not within the purview of the Courts of Appeals "to anticipate whether the Supreme Court may one day overrule its existing precedent." Santiago, 268 F.3d at 155 & n. 6 (citing Agostini v. Felton, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997)). The Supreme Court maintained the Almendarez-Torres rule in Apprendi, excluding the fact of a prior conviction from those issues that must be tried to a jury or admitted by a defendant. Apprendi, 530 U.S. at 490, 120 S.Ct. 2348. To be sure, the "prior conviction" exception to the Supreme Court's recent Sixth Amendment jurisprudence avoided a conflict between Apprendi and Almendarez-Torres. Even the Apprendi Court acknowledged that "it is arguable that Almendarez-Torres was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested," before noting that "Apprendi does not contest the decision's validity and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule." Id. at 489-90, 120 S.Ct. 2348 (footnote omitted). While at least one member of the Almendarez-Torres majority believes that its logic "has been eroded" by the Court's subsequent Sixth Amendment decisions and that the Court should, in an appropriate case, consider its "continuing viability," Shepard v. United States, ___ U.S. ___, 125 S.Ct. 1254, 1264, 161 L.Ed.2d 205 (2005) (Thomas, J., concurring in part and concurring in the judgment), the Supreme Court has incorporated the "prior conviction" exception, through the rule announced in Apprendi, in its most recent Sixth Amendment decisions. See United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403 (2004) ("`Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" (quoting Apprendi, 530 U.S. at 490, 120 S.Ct. 2348)). While we acknowledge a tension between the spirit of Booker—that all facts that fix mandatorily a defendant's sentence should be found by a jury or admitted by the defendant—and the Supreme Court's decision in Almendarez-Torres, the "prior conviction" exception nonetheless remains the law.
 
 
 9
 Because we are bound by the Supreme Court's rulings in Almendarez-Torres and Harris—each decision independently controlling the disposition of this case—we hold that the district court's factual findings with respect to the appellants' prior convictions did not violate their Fifth or Sixth Amendment rights. We therefore join the Third, Seventh, Eighth, and Tenth Circuits in rejecting a claim that, after Booker, prior felony drug offenses are an element of the crime under § 841(b)(1)(A). See United States v. Ordaz, 398 F.3d 236, 241 (3d Cir.2005); United States v. Douglas, 408 F.3d 922, 929-30 (7th Cir.2005); United States v. Thomas, 398 F.3d 1058, 1063-64 (8th Cir.2005); United States v. Moore, 401 F.3d 1220, 1223-24 (10th Cir.2005).
 
 CONCLUSION
 
 10
 For the foregoing reasons, and those stated in our accompanying summary order, the judgments of conviction and sentence of the district court are AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 Jacobs also contends that prior crimes are elements of the offense and that, under the structure of § 841(b)(1)(A), each graduated mandatory minimum is thus associated with a separate crime. Jacobs relies onCastillo v. United States, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000), in which the Supreme Court held that statutory references to particular firearm types in 18 U.S.C. § 924(c)(1) defined separate crimes rather than separate sentencing factors. Id. at 124, 120 S.Ct. 2090. We reject Jacobs' claim, reasoning that recidivism is a traditional sentencing factor and also finding Harris to be controlling.