**UNITED STATES of America,**
**Appellee,**

v.

**Stephen DORNEY, also known as John**
**Gordon, also known as Michael**
**Grant, Defendant–Appellant.**

**No. 06–1229–CR.**

United States Court of Appeals,
Second Circuit.

Oct. 11, 2006.

Timothy Austin, Assistant Federal Public Defender (Alexander Bunin, Federal Public Defender, Molly Corbett, on the brief), Office of the Federal Public Defender, Albany, NY, for Appellant.

Brenda K. Sannes, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney, Edward P. Grogan, Assistant United States Attorney, of counsel), United States Attorney's Office for the Northern District of New York, Syracuse, NY, for Appellee.

Present: JON O. NEWMAN, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Defendant John Gordon[1] appeals the sentence imposed on him after he pled guilty to illegally reentering the United States after having been deported following conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1) & (b)(2). Judge Kahn sentenced Gordon principally to 89 months of imprisonment, to be served concurrently with a state prison term that was imposed in May of 2005. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

■ Gordon first argues that the District Court committed error by failing to conclude that the enhanced penalty provisions of 8 U.S.C. § 1326(b)(2) violated the Fifth and Sixth Amendments. That statutory provision raises the maximum sentence that would otherwise apply to the crime of illegal reentry from two years to twenty where the defendant was deported "subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). Gordon contends that the trial court violated his constitutional rights by failing to require that his prior aggravated felony conviction be pled in the indictment and proven to a jury beyond a reasonable doubt. He acknowledges that this argument is squarely precluded by the Supreme Court's ruling in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that Section 1326(b)(2) sets forth a sentencing factor, not an element of an offense), but in an effort to preserve the argument for future consideration, he notes that the viability of *Almendarez–Torres* has been called into question by recent Supreme Court rulings. *See, e.g., Shepard v. United States*, 544 U.S. 13, 27, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (Thomas, J., concurring in part and concurring in the judgment) (contending that *"Almendarez–Torres* ... has been eroded

---

1. The name "Stephen Dorney" is an alias. Both parties agree that Robert Gordon is the defendant's true name.

by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez–Torres* was wrongly decided").

Gordon's argument is without merit. While we have acknowledged "a tension" between *Almendarez–Torres* and the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), *see United States v. Estrada*, 428 F.3d 387, 391 (2d Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1451, 164 L.Ed.2d 148 (2006), we have reaffirmed the continued vitality of *Almendarez–Torres* even after *Booker*. *See Estrada*, 428 F.3d at 390 (reaffirming that *Almendarez–Torres* "remains good law," and noting that "it is not within the purview of the Courts of Appeal 'to anticipate whether the Supreme Court may one day overrule its existing precedent' " (quoting *United States v. Santiago*, 268 F.3d 151, 155 n. 6 (2d Cir.2001))). In any event, Gordon cannot claim that his constitutional rights were violated by a failure to charge his prior aggravated felony in the indictment or to put the charge to a jury: Gordon's prior aggravated felony *was* pled in his indictment, and Gordon admitted his prior aggravated felony conviction during his plea colloquy.

█ Gordon also contends that his Fifth and Sixth Amendment rights were violated when a sixteen-level Guidelines enhancement was imposed pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) without requiring a fact necessary for imposition of the enhancement to be pled in the indictment and proven to a jury or admitted by him. U.S.S.G. § 2L1.2(b)(1)(A)(i) states that a sixteen-level enhancement applies where a defendant was deported after a conviction for a felony that is "a drug trafficking offense for which the sentence imposed exceeded 13 months."

█ This contention is also without foundation. We have repeatedly reaffirmed that facts relevant to Sentencing Guidelines calculations, such as the length of Gordon's prior drug trafficking conviction, do not need to be pled in an indictment, submitted to a jury, or proven beyond a reasonable doubt. Rather, these facts can be found by a judge by a preponderance of the evidence, even after the Supreme Court's decision in *Booker*. *See, e.g., United States v. Vaughn*, 430 F.3d 518, 525 (2d Cir.2005) (holding that "[n]othing in *Booker* or its predecessors undermines our binding precedent" that a judge may find facts relevant to sentencing by a preponderance of the evidence), *cert. denied*, —— U.S. ——, 126 S.Ct. 1665, 164 L.Ed.2d 405 (2006). Moreover, Gordon admitted during his plea colloquy that he had received a two- to four-year sentence for the 1995 drug trafficking conviction that was pled in his indictment, and did not object to the pre-sentence report's description of the sentence imposed for the 1995 conviction. Having failed to contest the duration of his prior drug trafficking sentence, he cannot claim that his constitutional rights were violated when the judge imposed the enhancement called for by U.S.S.G. § 2L1.2(b)(1)(A)(i).

We have considered all of Gordon's arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.