NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0576n.06
Filed: August 10, 2007

No. 05-5261

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GEORGE D. MELTON,

    Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

_____/

Before:      MARTIN and ROGERS, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. George D. Melton appeals his sentence entered pursuant to a plea agreement under which he pled guilty to one count of conspiracy to possess with intent to distribute in excess of 50 grams of methamphetamine, and one count of possession of a firearm during and in furtherance of a drug trafficking crime. Melton argues that the government's notice of its intent to rely on a prior conviction to enhance his sentence failed the mandatory requirements of 21 U.S.C. § 851, and that the district court's finding at sentencing that he had been previously convicted (thus increasing his mandatory minimum sentence) violated the Sixth Amendment.

I.

---

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

On December 15, 2003, Melton, along with eight others, was indicted in the Western District of Tennessee. He was named in Count 1 for conspiracy to possess with intent to distribute in excess of 50 grams of methamphetamine in violation of 21 U.S.C. § 846; in Count 4 for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); in Counts 5 and 12 for possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and in Counts 6 and 13 for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

On October 5, 2003, the government filed and served the following information, entitled "NOTICE PURSUANT TO 21 U.S.C. § 851:"

> COMES NOW, the United States of America, by and through Terrell L. Harris, United States Attorney, and R. Leigh Grinalds, Assistant United States Attorney for the Western District of Tennessee, Eastern Division, and would show the following:
>
> On or about April 18, 1991, the defendant pled nolo contendere to Unlawful Possession of a Controlled Substance, Amphetamine, and received a five year sentence in Case No. CF 90-1694, in the 7th Judicial Circuit Court for St. Johns County, Florida.

On October 8, 2004, Melton pled guilty to Counts 1 and 5, with the remaining counts dismissed pursuant to the plea agreement.

On January 31, 2005, the district court sentenced Melton to 240 months on Count 1 and 60 months on Count 5, to run consecutively, for a total term of 300 months imprisonment.

II.

**A.      Whether the government's notice filed pursuant to 21 U.S.C. § 851 was sufficient.**

This Court reviews *de novo* the sufficiency of the government's notice filed pursuant to 21 U.S.C. § 851. *United States v. Layne*, 192 F.3d 556, 576 (6th Cir. 1999).

In pertinent part, 21 U.S.C. § 851(a)(1) states as follows:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Melton concedes that the government timely filed under section 851, and that this information put him on notice of the government's intent to rely on his prior conviction to enhance his sentence. He nevertheless argues that the filed information fails because it "did not adequately indicate the government's expressed intent to enhance the defendant's sentence." Defendant's Br. 9. Melton contends that the strictures of section 851 are mandatory, and any information filed by the government thereunder must contain an express statement of its intent to rely on the prior conviction, not simply a recitation of the prior conviction.

The Eleventh Circuit has held that the purpose of section 851 is two-fold. First, it allows a defendant to "contest the accuracy of the information," and second, it allows a defendant "to have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty plea." *United States v. Williams*, 59 F.3d 1180, 1185 (11th Cir. 1995). Section 851(a)(1) does not state that the government must specifically express its intent to enhance the defendant's sentence based on the prior conviction contained in the information. Section 851(a)(1) simply provides that the United States attorney must file an information that states the previous conviction to be relied upon. Accordingly, the question is not

whether the notice contained the specific technical language that Melton argues is required, but rather "whether the government's information provided the defendant reasonable notice of its intent to rely on a particular conviction and a meaningful opportunity to be heard." *United States v. King*, 127 F.3d 483, 488-89 (6th Cir. 1997) (internal quotation marks and alterations omitted).

We believe that the notice filed in this case meets the requirements of section 851(a)(1) by providing reasonable notice and a meaningful opportunity for Melton to be heard. This conclusion is evidenced by Melton's own concession that the government's information put him on notice that his sentence could be enhanced due to the prior conviction. In fact, Melton timely objected to the government's notice, further evidencing his awareness of the possibility of an enhanced sentence. Additionally, there appears to be no other reason to file a notice under section 851(a)(1) than to inform a defendant of the government's intent to use a prior conviction to enhance a sentence. Accordingly, we find the government's filed information did not violate section 851(a)(1).

**B.** **Whether the district court's finding that Melton had a prior conviction, and consequent increase of his mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), was a violation of the Sixth Amendment**.

Melton argues that the district court violated his Sixth Amendment right to a trial by jury when it made factual findings that triggered an enhanced sentence under section 841(b)(1)(A), though he concedes this argument is contrary to both Sixth Circuit and Supreme Court precedent and only raises it to preserve it in case the Supreme Court revisits the issue.

In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that recidivism is a sentencing factor rather than an element of the crime, and thus is not required to be

found beyond a reasonable doubt by a jury. The Court has yet to stray from the *Almendarez-Torres* rule and has excluded the fact of a prior conviction from those issues that must be tried to a jury or admitted by a defendant. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (questioning the validity of *Almendarez-Torres*, but declining to overturn the decision). Melton relies on the fact that at least one member of the *Almendarez-Torres* majority, Justice Thomas, has indicated that the case was wrongly decided, and that the Supreme Court should reconsider "its continuing viability." *Shepard v. United States*, 544 U.S. 13, 27-28 (2005) (Thomas, J., concurring in part and concurring in judgment). While the prior conviction exception may be in tension with "the spirit of *Booker*," i.e., "that all facts that fix mandatorily a defendant's sentence should be found by a jury or admitted by the defendant," *United States v. Estrada*, 428 F.3d 387, 391 (2d Cir. 2005), *Almendarez-Torres* remains the law and "the Court of Appeals [must leave] to [the Supreme] Court the prerogative of overruling its own decisions," *United States v. Hill*, 440 F.3d 292, 299 n.3 (6th Cir. 2006) (internal quotation marks omitted). Accordingly, we reject Melton's Sixth Amendment claim.

III.

Based on the foregoing reasons, we **AFFIRM** Melton's sentence.