UNITED STATES of America,
Appellee,

v.

XIAO QIN ZHOU, Lin Li, Chun Rong Chen, Defendants,

Lin Xian Wu, Chen Xiang,
Defendants–Appellants.

Nos. 06–4544–cr (L), 06–5091–cr (con).

United States Court of Appeals,
Second Circuit.

March 11, 2008.

Andrew G. Patel, Law Offices of Andrew G. Patel, New York, NY, for Defendant–Appellant Wu.

B. Alan Seidler, New York, NY, for Defendant–Appellant Xiang.

Diane Gujarati, Assistant United States Attorney, (Michael Garcia, United States Attorney for the Southern District of New York, Benjamin Gruenstein, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, Hon. CAROL BAGLEY AMON, District Judge.*

### SUMMARY ORDER

Defendants-appellants Lin Xian Wu and Chen Xiang appeal amended judgments of conviction entered on September 15, 2006 and October 25, 2006, respectively, in the United States District Court for the Southern District of New York (Casey, J.), following convictions for three counts of robbery in violation of 18 U.S.C. § 1951, three counts of conspiracy to commit robbery in violation of § 1951, and three counts of using a firearm in connection with the robberies in violation of 18 U.S.C. § 924(c). Wu was principally sentenced to 51 months' imprisonment for the robbery and conspiracy to commit robbery convictions and 684 months' imprisonment for the firearms convictions. Xiang was principally sentenced to 70 months' imprisonment for the robbery and conspiracy to commit robbery convictions and 684 months' imprisonment for the firearms convictions. The sentences for the firearm convictions are mandatory sentences. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Wu contends that the mandatory sentence for his § 924(c) convictions is unconstitutional because it prevented the district court from considering his individual circumstances. Because Wu's mandatory minimum sentence of 684 months' imprisonment for conviction of three counts of § 924(c) is less than the statutory maximum sentence of life imprisonment for these convictions, see United States v. Johnson, 507 F.3d 793, 798 (2d Cir.2007), this sentence is not unconstitutional. Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (upholding the constitutionality of mandatory minimum sentencing provision in § 924(c)); see also Chapman v. United States, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (holding that a court may impose a statutory sentence unless it is cruel and unusual in violation of the Eighth Amendment or based on arbitrary classifications in violation of the Due Process Clause). Nor is the sentence unconstitutional because application of the mandatory minimum provision "narrow[s] the range within which a judge may exercise sentencing discretion." United States v. Estrada, 428 F.3d 387, 390 (2d Cir.2005). Wu also argues that the mandatory minimum sentence violates 18 U.S.C. § 3553(a), by prohibiting the court from "impos[ing] a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection." Although the sentencing court has limited authority to impose a sentence below a statutory minimum, see 18 U.S.C. § 3553(e) & (f), its application of a statutory minimum sentencing provision is not substantively unreasonable in this case. See Fernandez, 443 F.3d at 26–27 (reviewing a district court's sentence for reasonableness). In addition, the record reflects that the district court considered the factors in § 3553(a) when sentencing Wu.

---

* The Honorable Carol Bagley Amon, District Judge, of the United States District Court for the Eastern District of New York, sitting by designation.

■ As an initial matter, Xiang argues that the mandatory minimum provision should not have applied in this case because he did not commit a criminal act after the first conviction. Xiang concedes that this argument is foreclosed by *Deal v. United States,* 508 U.S. 129, 135, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993), but he raises it to preserve it. Xiang further argues that the sentence is substantively unreasonable. *See United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006) (reviewing a district court's sentencing decision for reasonableness). To the extent Xiang challenges the reasonableness of the mandatory minimum sentence imposed pursuant to § 924(c), this claim is without merit for the reasons discussed above with respect to Wu's sentence. To the extent Xiang asserts that the sentence of 70 months' incarceration for the robbery and conspiracy to commit robbery convictions was unreasonable, we cannot conclude, giving due respect to the district court's reasoned judgment, that the sentence was an abuse of discretion given the nature and seriousness of the offense. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594–96, 169 L.Ed.2d 445 (2007).

■ Finally, Xiang argues that he received ineffective assistance of counsel on his merits appeal because counsel failed to challenge his convictions under the Hobbs Act for insufficiency of evidence regarding the interstate commerce element. At trial, the government provided evidence that each of the three robberies affected, or had the potential to affect, interstate commerce. *See United States v. Elias,* 285 F.3d 183, 188 (2d Cir.2002). In addition, Xiang's appellate counsel was able to obtain a reversal of his conviction on three counts resulting in a reduction in his sentence of 25 years. Accordingly, we conclude that Xiang has failed to establish the elements of an ineffective assistance of

counsel claim. *See Strickland v. Washington,* 466 U.S. 668, 688, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that an appellant must show (i) that the attorney's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (ii) "affirmatively prove prejudice" by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result to the proceeding would have been different").

For the foregoing reasons, the judgment of the district court is AFFIRMED.