**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4472

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERON FITZGERALD JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, Chief District Judge. (1:05-cr-00076-jpj)

Submitted: February 28, 2008        Decided: March 19, 2008

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas R. Scott, Jr., STREET LAW FIRM, LLP, Grundy, Virginia, for Appellant. John L. Brownlee, United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deron Fitzgerald Jones was convicted of participating in a conspiracy to possess with intent to distribute and distribute fifty grams or more of cocaine base (crack) (Count One), 21 U.S.C. § 846 (2000), as well as distribution of five grams of crack (Count Two), fifty grams of crack (Count Three), and an unspecified amount of crack (Count Four), all in violation of 21 U.S.C.A. § 841(a), (b) (West 1999 & Supp. 2007).  Before trial, the government filed an information pursuant to 21 U.S.C. § 851 (2000), stating that Jones had two prior North Carolina convictions for felony possession of cocaine, each in violation of N.C. Gen. Stat. § 90-95(d)(2) (LexisNexis 2007).  Jones was sentenced to the statutory minimum sentence of life imprisonment that applied on Counts One and Three under § 841(b)(1)(A), and to a concurrent statutory minimum ten-year sentence on Counts Two and Four under § 841(b)(1)(B).  He appeals his sentence, arguing on various grounds that the mandatory life sentence was wrongly applied.  For the reasons explained below, we affirm.

Jones first argues that his prior predicate convictions were for offenses that were not punishable by imprisonment for more than one year, and thus did not subject him to a mandatory life sentence.  As Jones acknowledges, this claim is reviewed for plain error because he did not raise it in the district court.  United States v. Olano, 507 U.S. 725, 732-37 (1993).

Jones' predicate North Carolina drug convictions were both Class I felonies under North Carolina law. Jones argues that neither of the convictions qualifies as a "felony drug offense" within the meaning of 21 U.S.C.A. § 802(44) (West Supp. 2007) because, absent aggravating factors which were not found in his cases, the maximum sentence he could have received was eight months in the first case and ten months in the second case. However, the maximum potential sentence for any North Carolina defendant convicted of a Class I felony is fifteen months. N.C. Gen. Stat. § 15A-1340.17(d) (LexisNexis 2007). Jones' argument is thus foreclosed by our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). In Harp, we declined, as we did in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), to apply an "individualized analysis," and held that, "to determine whether a conviction is a crime punishable by a prison term exceeding one year, Jones dictates that we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Harp, 406 F.3d at 246.

Jones suggests that Jones and Harp were wrongly decided. However, Harp is controlling law because one panel may not overrule another. United States v. Simms, 441 F.3d 313, 318 (4th Cir.) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary

decision of the Supreme Court." (internal quotation omitted)), cert. denied, 127 S. Ct. 233 (2006). Under Harp, the district court did not err, much less plainly err, in treating the predicate offenses identified in the § 851 motion as felony drug offenses that qualified Jones for a statutorily enhanced sentence.

Next, Jones maintains that §§ 841(b)(1)(A) and (b)(1)(B) create crimes separate from the offenses set out in § 841(a), rather than penalties for those offenses. Jones argues that the prior convictions which subjected him to a mandatory life sentence are elements of the aggravated offense for which he was sentenced. Relying on Jones v. United States, 526 U.S. 227, 232 (1999), and Apprendi v. New Jersey, 530 U.S. 466 (2000), that elements of an offense must be charged in the indictment and proved beyond a reasonable doubt, Jones contends that, because his prior convictions were not charged in the indictment or proved beyond a reasonable doubt, the district court erred in imposing an enhanced sentence of life imprisonment. The district court's legal conclusions, including its interpretation of the sentencing guidelines, are reviewed de novo. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Jones' claim fails because Apprendi specifically excepted prior convictions from its holding. See Apprendi, 530 U.S. at 490. We agree with the district court that, after Apprendi –

[W]hether a statute characterizes a fact as an offense element or a sentencing factor is largely irrelevant,

- 4 -

because the practical effect is the same; the fact must be submitted to the jury if it increases the penalty for a crime beyond the prescribed statutory maximum. However, this analysis is inoperative in the context of a prior conviction. See Almendarez-Torres v. United States, 523 U.S. 224, 245-47 (1998). Such a fact need only be submitted to the jury when Congress has specifically defined prior convictions as an element of the offense.

Moreover, Apprendi's exception for sentencing enhancements based on prior convictions was reaffirmed in United States v. Booker, 543 U.S. 220 (2005). See United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005).

Jones argues that Almendarez-Torres has been effectively overruled by Apprendi. However, Almendarez-Torres has not been overruled and may not be ignored. Cheek, 415 F.3d at 352-53. Morever, the Supreme Court has also held that a mandatory minimum sentence may be increased based on judge-found facts, unlike a statutory maximum sentence. Harris v. United States, 536 U.S. 545, 565 (2002). Based on his conviction in this case of two drug offenses involving at least fifty grams of crack, Jones was subject to a statutory term of ten years to life under § 841(b)(1)(A). The district court's finding that he had been convicted of two prior felony drug offenses increased only the statutory minimum sentence. Thus, no error occurred. See United States v. Estrada, 428 F.3d 387, 389-90 (2d Cir. 2005).

Last, Jones argues that a sentence of life imprisonment without parole based on two prior convictions for cocaine

possession is disproportionate and violates the Eighth Amendment prohibition against cruel and unusual punishment. We rejected a similar challenge in United States v. Kratsas, 45 F.3d 63 (4th Cir. 1995), where we applied the three-part test of Solem v. Helm, 463 U.S. 277 (1983), which examines: "(1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions." Kratsas, 45 F.3d at 66.

Under the first prong of the Solem test, it is clear that Jones' offense was serious. He was initially arrested on state drug charges in October 2005 after he sold crack to a confidential informant, but was released on bond. Approximately two weeks later, he was arrested again after he was stopped for speeding and was found to be in possession of crack, scales, over $6000 and other drug paraphernalia. The evidence at his trial showed that he had been cooking cocaine into crack and selling crack in Virginia for six months before his arrest. He had been previously convicted of two felony drug offenses and numerous other state criminal offenses. As to the second and third prongs of the Solem test, a life sentence without release for a major drug violation is not disproportionate in comparison with other sentences under the guidelines or sentences imposed by states within the Fourth Circuit. See United States v. D'Anjou, 16 F.3d 604, 613 (4th Cir.

1994).  Therefore, we conclude that Jones' sentence is not constitutionally disproportionate and that he has failed to show an Eighth Amendment violation.

Accordingly, we affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>