**UNITED STATES of America,**
**Appellee,**

v.

**Tyrone LASTER, Defendant–Appellant.**

No. 08–2790–cr.

United States Court of Appeals,
Second Circuit.

Feb. 3, 2009.

Farrah R. Berse, Esq., James L. Brochin, Esq., on the brief, Paul, Weiss, Rifkind, Wharton & Garrison, LLP, New York, New York, Alex Young K. Oh, Esq., on the brief, Paul, Weiss, Rifkind, Wharton & Garrison, LLP, Washington, D.C., for Appellant.

Randall W. Jackson, Michael A. Levy, on the brief, Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. AMALYA L. KEARSE, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Tyrone Laster appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Keenan, *J.*) following a jury trial on a one-count indictment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Laster pursuant to 18 U.S.C. § 922(e), which imposes a mandatory minimum sentence on persons previously convicted of three or more felonies. On appeal, Laster challenges various aspects of his trial and sentencing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

■ 1. *Sufficiency of the Evidence.* Laster first argues that the government introduced insufficient evidence to support a finding, beyond a reasonable doubt, that he had previously been convicted of a felony. Identity may be established in such cases by showing that the defendant shares highly distinctive features—such as fingerprints—with a previously convicted felon. *United States v. Jackson,* 368 F.3d 59, 64 (2d Cir.2004). At trial, the government introduced four fingerprint cards associated with a "Tyrone Laster" born on June 13, 1964. Three of the cards were associated with court records of prior felonies; a government witness testified that the fourth was associated with the defendant.

Laster points out that the fourth fingerprint card lists an arrest date of November 2, 2006, while it is uncontested that Laster was arrested in September, 2006, and contends this discrepancy defeats any inference that he is the person of that name who was previously convicted. On appeal, we must consider the evidence in the light most favorable to the government, "defer[ring] to the jury's determination of the weight of the evidence and the credibility of witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." *United States v. Morrison,* 153 F.3d 34, 49 (2d Cir.1998). As to the fourth fingerprint card, a prison official testified that the defendant was the only "Tyrone Laster" jailed in her facility at the time. On that basis (and other evidence as well) the jury was entitled to infer that the fingerprints on all four cards were Laster's.

■ 2. *Production of Grand Jury Transcripts.* Laster argues that the district court erred in denying his motion to compel production of transcripts of the grand jury proceedings. The presumption of secrecy and closure that applies to grand jury proceedings can be rebutted by a showing of particularized need outweighing the need for secrecy. *In re Grand Jury Subpoena,* 103 F.3d 234, 239 (2d Cir. 1996). Laster contends that the government did not possess Certificates of Disposition relating to his prior felonies when the grand jury returned its superseding indictment, and that therefore there could not have been adequate evidence to support the indictment. This argument does not state a particularized need to breach the secrecy and closure of grand jury proceedings, especially given the fact that the government could have introduced other evidence before the grand jury, including hearsay. *See United States v. Ruggiero,* 934 F.2d 440, 447 (2d Cir.1991).

■ 3. *Exclusion of the Recorded Statement.* The district court admitted a portion of a recorded statement in which Laster appeared to admit possession of a firearm. The court excluded the rest of the statement on the ground that it was

unnecessary to give context to the admitted portion, and that it was irrelevant and unduly prejudicial because it addressed sentencing matters. On appeal, Laster argues that the excluded portion was necessary to explain the admitted portion.

"[A]n omitted portion of a statement must be placed into evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Jackson*, 180 F.3d 55, 74 (2d Cir.1999) (internal quotation marks omitted); *see also* Fed. R. Evid. 106 ("When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."). The decision to admit or exclude evidence under this rule is within the discretion of the district court. *See United States v. Szur*, 289 F.3d 200, 217 (2d Cir.2002). The question is close; but we cannot say that the district court abused its discretion in excluding the latter part of Laster's recorded statement, since the court was entitled to find that the excluded portion did not qualify Laster's confession. Moreover, any error would be harmless in light of other evidence that Laster possessed a firearm, including his step-sister's testimony that he arrived at her apartment carrying a gun, as well as the fact that a firearm was retrieved from his pocket at the time of his arrest. *See United States v. Rea*, 958 F.2d 1206, 1220 (2d Cir.1992) (error is harmless "if [the Court] can conclude that the testimony was 'unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record' ") (quoting *Yates v. Evatt*, 500 U.S. 391, 403, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991)).

■ 4. *Exclusion of the Medical Record.* Laster challenges the district court's exclusion of a medical record created on November 2, 2006—more than a month after Laster's arrest—indicating that Laster suffered a broken hand during his arrest. The district court initially admitted the record as bearing upon the circumstances in which Laster made a statement at the time of his arrest; but when the government represented that it would not introduce the statement, the district court revisited its ruling and excluded the record as irrelevant. Laster wanted to argue that the gun was planted on him by police anxious to justify the force used in the arrest. But we "accord great deference to a district court in ruling as to the relevancy ... of proffered evidence," reversing only when the district court's ruling is arbitrary and irrational. *United States v. Paulino*, 445 F.3d 211, 217 (2d Cir.2006). Laster has not shown, and we cannot say, that the district court's exclusion of the medical record was arbitrary and irrational.

5. *Expert Testimony.* The Federal Rules of Criminal Procedure require the government to produce, upon a defendant's request, a written summary of any expert testimony the government seeks to introduce, including the expert's opinions, the bases and reasons for those opinions, and the expert's qualifications. Fed. R. Crim. P. 16(a)(1)(G). Laster's counsel requested such a disclosure with regard to the government's fingerprint witness on October 10, 2007, and the government responded by letter on October 15. Defense counsel replied that the disclosure was insufficient, and then filed a motion seeking exclusion of the expert's testimony. In response to the motion, the government produced a more detailed statement of the expert's qualifications and opinions, as well as the

bases and reasons for those opinions. The district court subsequently denied the motion to exclude, finding the government's disclosures sufficient. Laster's argument on appeal amounts to a disagreement with the district court regarding the adequacy of the disclosures. Such evidentiary determinations are left to the discretion of the trial court, and Laster has not shown that the district court abused its discretion here. *See Szur,* 289 F.3d at 217.

■ 6. *Jury Instructions.* When police entered the apartment to arrest Laster, they found him outside on a fire escape. The district court instructed the jury that it could (but was not required to) infer from this fact a consciousness of guilt premised on flight. "[B]efore a court may instruct a jury regarding flight, a satisfactory factual predicate must exist from which the jury can infer consciousness of guilt from flight." *United States v. Al-Sadawi,* 432 F.3d 419, 424 (2d Cir.2005). Laster argues that because there are innocent explanations for his presence on the fire escape, there was no factual predicate justifying a flight instruction. But it was for a jury to draw the inference one way or the other. *Id.* The district court therefore did not err in giving a flight instruction.

7. *Sentencing.* Finally, Laster argues that the district court erred in sentencing him pursuant to § 924(e)—which applies to defendants previously convicted of three or more felonies—despite instructing the jury that it could find him guilty under § 922(g) as long as the government had proven that Laster had previously been convicted of even a single felony. In other words, Laster argues that a sentence under § 924(e) requires that each of the prior convictions be proved to a jury beyond a reasonable doubt. The Supreme Court has rejected this argument. *See United States v. Booker,* 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ("Any

fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) ("[W]e reject petitioner's constitutional claim that his recidivism must be treated as an element of his offense."); *see also United States v. Estrada,* 428 F.3d 387, 391 (2d Cir.2005) ("While we acknowledge a tension between the spirit of *Booker*—that all facts that fix mandatorily a defendant's sentence should be found by a jury or admitted by the defendant—and the Supreme Court's decision in *Almendarez–Torres,* the 'prior conviction' exception nonetheless remains the law."); *United States v. Estremera,* 282 Fed.Appx. 935, 938–39 (2d Cir.2008) (Summary Order) ("Unless and until the Supreme Court extends [*Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)] to the fact of a prior conviction, the exception for prior convictions will remain the law of this Circuit....").

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.