**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4843**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

TRAVIS LEON HAGLER, a/k/a Black Jesus,

     Defendant - Appellant.

**No. 08-5012**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

TYRONE NOBLE,

     Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., District Judge. (3:06-cr-00748-JFA-5; 3:06-cr-00748-JFA-9)

Submitted:  March 10, 2010   Decided:  March 25, 2010

Before MICHAEL, GREGORY, and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Janis Richardson Hall, Greenville, South Carolina; Kirsten E. Small, NEXSEN PRUET, LLC, Greenville, South Carolina, for Appellants. Robert Frank Daley, Jr., Jimmie Ewing, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Leon Hagler and Tyrone Noble pled guilty to a crack cocaine conspiracy and were sentenced to 240 and 252 months in prison, respectively. Under the terms of their plea agreements, Hagler and Noble agreed to waive the right to appeal their convictions and sentences, except for claims of ineffective assistance or prosecutorial misconduct. In addition, Hagler reserved the right to appeal the district court's conclusion that he had a prior felony for sentencing purposes.

The Government moves to dismiss the appeals based upon the appellate waivers. Counsel for each defendant has filed an Anders[1] brief, and each defendant filed a pro se supplemental brief. Hagler's counsel raised the issue of whether Hagler's Fed. R. Crim. P. 11 hearing was properly conducted, and Hagler raised pro se challenges to the prior conviction used to enhance his minimum sentence. Noble's counsel challenged the voluntariness of the guilty plea, as well as Noble's sentencing enhancements based upon his leadership role and his prior conviction. Noble's pro se brief reargued claims raised by counsel and also asserted that his sentence was improperly enhanced based on his possession of a firearm.

---

[1] Anders v. California, 386 U.S. 738 (1967).

I.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). See United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). We review the validity of an appellate waiver de novo and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appellate waiver is generally considered to be knowing and voluntary if the district court specifically questioned the defendant concerning the waiver provision during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver and was not denied effective assistance of counsel. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, even a valid appellate waiver does not waive every appellate issue. See, e.g., United States v. Attar, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994) (holding that waiver of appeal does not bar colorable constitutional challenge to the voluntariness of a guilty plea).

During the Defendants' Rule 11 hearings, the district court specifically questioned them about the appellate waivers and, after doing so, found that they had voluntarily and intelligently entered their pleas. The record reveals nothing to suggest that the district court's finding was erroneous, and

4

neither Defendant raises a claim regarding the appellate waiver.[2] Accordingly, we conclude that the appellate waivers contained in the Defendants' plea agreements are valid and enforceable.

Moreover, the Defendants' appellate waivers of the right to appeal their convictions and sentences encompass Hagler's assertions of Rule 11 error,[3] as well as Noble's claims of sentencing error. Thus, we grant the Government's motions to dismiss in part. Hagler's claims regarding his prior conviction were specifically excepted from the appellate waiver, and Noble's assertion that his plea was involuntary may not be waived. Accordingly, we deny the Government's motions with regard to these claims.

## II.

Noble contends that his plea was not constitutionally valid because his mental illness prevented the plea from being

---

[2] Noble claims that his mental illness rendered his guilty plea involuntary and unknowing. As discussed above, a claim attacking the voluntariness of the guilty plea cannot be waived; as such, this claim will be examined on the merits. However, Noble does not specifically allege that his waiver was unknowing or involuntary. In any event, even should Noble's claim be expanded to attack the validity of his waiver, it is meritless for the reasons discussed below.

[3] Rule 11 error is not constitutional error, see McCarthy v. United States, 394 U.S. 459, 465 (1969), and Hagler makes no allegation that any Rule 11 error affected the voluntariness of his plea.

voluntary or intelligent. He also asserts that the court should have held a competency hearing. The standard for determining whether a guilty plea is constitutionally valid is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000). In applying this standard, courts look to the totality of the circumstances surrounding the plea. Id. "The test for determining competency is whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and whether he has a rational as well as a factual understanding of the proceedings against him." United States v. General, 278 F.3d 389, 395-96 (4th Cir. 2002).

At Noble's plea hearing, he testified that he had never been treated for a mental illness, and both his counsel and the Government stated that they had no questions about Noble's competency. The court then found Noble competent to plead guilty. Throughout the remainder of the plea hearing, Noble responded appropriately and predictably and gave no indication that he was unable to understand the proceedings. He testified that he was satisfied with his attorney and understood the charges against him. He also affirmed that the Government's statement of facts was correct.

At sentencing, Noble's counsel stated that he was appointed after a psychiatric examination was conducted. After speaking with Noble extensively, the psychiatrist determined that he was competent to stand trial, and Noble's attorney stated that he did not "have a question about his competency." However, counsel noted that Noble suffered from post traumatic stress disorder, major depression, a cognitive disorder, and substance abuse issues. He argued that, while Noble was competent, he had certain difficulties making judgment calls. When Noble allocuted, he spoke rationally and logically about his criminal conduct and how his past convictions were impacting his sentencing exposure.

On appeal, Noble frivolously argues that the psychiatric examination supported his claim that he was incompetent, even though the report actually concluded that he was competent. Noble also asserts that prison officials have told him that he has severe memory problems. We find that it was clear from the proceedings that Noble was able to consult with his lawyer and had a rational understanding of the proceedings against him. While he apparently had certain mental issues, there is no evidence that his competency was affected. As such, the district court did not err in failing to hold a competency hearing and in determining that Noble was competent to enter a plea.

III.

Hagler asserts that the Government did not serve a proper notice of prior conviction under 21 U.S.C. § 851 (2006), that the court did not explicitly ask him whether he affirmed or denied the prior conviction, and that he was not given an adequate opportunity to object to the use of the conviction. The record belies Hagler's contentions. Prior to Hagler's plea, the Government filed a notice of enhancement listing the specific prior conviction that would be used to enhance Hagler's sentence. In his plea agreement, he specifically reserved the right to challenge the use of his prior conviction, which further shows his notice and understanding that the Government intended to use the conviction to enhance his sentence. Additionally, his presentence report ("PSR") included calculations based upon his prior conviction, and Hagler did not object. Hagler was free to challenge his prior conviction at sentencing or before, but he did not do so. Even on appeal, Hagler does not explain why the use of his prior conviction was improper; he argues only that the court did not utilize the appropriate procedures.

Regarding the sentencing colloquy, § 851(b) requires that, when the Government has filed an § 851 notice, the court should ask the Defendant "whether he affirms or denies that he was previously convicted as alleged" and inform the Defendant

8

that "any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." However, literal compliance with the Rule is not necessary if it is clear from the circumstances that the defendant does not contest the validity of his prior convictions. United States v. Steen, 55 F.3d 1022, 1028 (5th Cir. 1995).

Here, it is clear that Hagler was aware of the Government's use of the prior conviction and that he withdrew any objection to it. At his plea hearing, the disagreement over the prior conviction and its ramifications on his sentence were explained in detail, and Hagler stated that he understood. Then, when he was specifically and personally questioned at sentencing, he affirmed that he was withdrawing all objections to the PSR. Thus, because Hagler knew about the enhancement and made clear his position on it, any error by the district court in failing to conduct an explicit colloquy prior to sentencing was harmless.

IV.

Finally, Hagler asserts that the Government was required to prove his prior conviction beyond a reasonable doubt in order to enhance his sentence. However, Hagler's prior conviction, which increased the mandatory minimum but had no

9

effect on the statutory maximum, need only be determined by a preponderance of the evidence.  See United States v. Estrada, 428 F.3d 387, 389-91 (2d Cir. 2005).  Moreover, as discussed above, Hagler did not dispute the existence or validity of the conviction.  Further, because Hagler failed to object, the district court was not required to hold a hearing or to make specific findings of fact before adopting the recommendations in the PSR.  United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998).

Pursuant to Anders, we have examined the entire record in these cases for reversible error and have found none. Accordingly, we dismiss Hagler's appeal from his conviction and Noble's appeal from his sentence.  We affirm Hagler's sentence and Noble's conviction.  We deny Noble's motions to place his appeal in abeyance.

This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If either of the clients requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART