**UNITED STATES of America,**
**Appellee,**

v.

**Arlex HOLGUIN, Defendant–Appellant.**

**Docket No. 04–5277–CR.**

United States Court of Appeals,
Second Circuit.

Argued: Nov. 14, 2005.

Decided: Jan. 26, 2006.

Paul F. Thomas, Assistant Federal Defender (Thomas G. Dennis, Federal Public Defender, District of Connecticut, Thomas P. Belsky, Sarah F. Russell, Assistant Federal Defenders, on the brief), New Haven, CT, for Defendant–Appellant.

William J. Nardini, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, on the brief; Sandra S. Glover, Assistant United States Attorney, of counsel), New Haven, CT, for Appellee.

Before: WINTER, STRAUB, and RAGGI, Circuit Judges.

STRAUB, Circuit Judge.

Defendant-appellant Arlex Holguin ("Holguin") appeals from a judgment of conviction entered on September 16, 2004, in the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*), sentencing Holguin principally to a term of imprisonment of sixty (60) months for possessing with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine. Holguin argues that the District Court erred in considering the United States Sentencing Guidelines ("Guidelines") mandatory for purposes of determining his criminal history and role under 18 U.S.C. § 3553(f), the "safety valve" statute, and that the District Court violated his Fifth and Sixth Amendment rights when it rejected his request for safety valve relief after finding, by a preponderance of the evidence, that defendant-appellant's role was that of a supervisor of jointly undertaken criminal activity. Holguin also argues that, after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), district courts must view as advisory the command in § 3553(f) that a court impose a sentence under the Guidelines if it finds a defendant safety valve eligible. For the reasons stated below, we affirm the judgment of the District Court.

## BACKGROUND

Holguin was charged in a two-count indictment with one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine (Count One) and one count of possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine (Count Two). On June 16, 2004, Holguin pleaded guilty to Count Two pursuant to a plea agreement with the government. On September 8, 2004, the District Court sentenced Holguin to a term of imprisonment of sixty (60) months, to be followed by a four-year term of supervised release, and a special assessment of $100. Holguin is currently serving his sentence.

Holguin filed a timely notice of appeal on September 13, 2004. On January 13, 2005, Holguin filed his appellate brief, arguing that the District Court violated his Sixth Amendment right to a jury trial when it found, by a preponderance of the evidence, that Holguin's role was that of a supervisor of jointly undertaken criminal activity and therefore that Holguin was ineligible for safety valve relief under 18 U.S.C. § 3553(f). On February 15, 2005, after the Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the government moved for summary affirmance on the basis that Holguin had received the mandatory minimum sentence of five years established by 21 U.S.C. § 841(b)(1)(B). On April 7, 2005, we denied the government's motion, holding that full briefing was warranted on the "continued viability of 18 U.S.C. § 3553(f), which mandates use of the United States Sentencing Guidelines, in light of the Supreme Court's decision in [*Booker*]." We then ordered supplemental briefing.

In Holguin's supplemental brief, he makes two main arguments. First, Holguin argues that a sentencing court must view as advisory the requirement in

§ 3553(f) that it "shall impose a sentence pursuant to" the Guidelines if it finds a defendant safety valve eligible, because *Booker* held that mandatory application of the Guidelines was impermissible in light of the Sixth Amendment. Second, Holguin argues that "the mandate under § 3553(f) that courts make certain guideline determinations as a prerequisite to safety valve eligibility, likewise, can no longer stand in light of the now wholly advisory nature of the guidelines." According to Holguin, the provisions of § 3553(f) that require a court to make determinations pursuant to the Guidelines—i.e., that require a court to confirm that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines," § 3553(f)(1), and that "the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines," § 3553(f)(4)—should be deemed advisory after *Booker* because the Supreme Court struck down the mandatory nature of the Guidelines in *Booker.* Indeed, Holguin argues, Congress created § 3553(f) "at a time when there was no question that the sentencing guidelines dictated federal sentencing, and Congress intended the statute to operate within the framework of the guidelines." Accordingly, Holguin argues, district courts should now be able to sentence a defendant below the statutory mandatory minimum regardless of these provisions, i.e., where a defendant has more than one criminal history point and/or was an organizer, leader, supervisor of the offense.

Holguin also makes two related arguments under the Fifth and Sixth Amendments. First, he argues, the District Court violated his constitutional rights when it determined, by a preponderance of the evidence, that he was a "supervisor" in the offense of conviction because that fact was "essential" to his punishment inas-much as it "eliminate[d] the possibility of a lower sentence" for him. Holguin theorizes that "a minimum sentence is not mandatory *unless* it is first determined that the defendant is ineligible for 'safety valve' relief under 18 U.S.C. § 3553(f)." Therefore, according to Holguin, his sentencing range before the safety valve finding was zero to forty (40) years, and the District Court's decision to deny him relief based on its finding as to supervisory role increased his range from zero to forty (40) years to five (5) to forty (40) years, in violation of the Fifth and Sixth Amendments.

Holguin argues in the alternative that his sentence violates the Sixth Amendment and *ex post facto* principles because the Guidelines maximum, rather than the statutory maximum, was the relevant maximum at the time of his sentencing and he was sentenced beyond this maximum based on facts not admitted or found by a jury. According to Holguin, "[b]ecause the guidelines were mandatory at the time [he] was sentenced, and the top of his guideline range was below the mandatory minimum, the district court's factual finding that he was a supervisor of others in the offense raised his sentence in violation of his constitutional rights."

In response to Holguin's arguments, the government agrees that the command in § 3553(f) that a district court "shall impose" a sentence "pursuant to" the Guidelines should be interpreted to mean that a district court must "consider" the Guidelines in an advisory fashion when sentencing a defendant after finding him safety valve eligible under the statute. The government disagrees, however, that the remaining references to the Guidelines in subsections 3553(f)(1) and (4) need be excised or read as advisory. According to the government, judicial fact-finding in connection with those Guidelines calcula-

tions is permitted under § 3553(f) because the only effect of the judge's findings is to potentially *"reduce* a defendant's sentence, not to *increase* it." Therefore, the government argues, subsections 3553(f)(1) and (4) need not be read as advisory, and the District Court did not violate Holguin's Fifth or Sixth Amendment rights by finding facts as to Holguin's role and criminal history by a preponderance of the evidence in denying safety valve relief.

The government also argues that, to the extent Holguin claims that the Sixth Amendment bars a district court from making factual findings as to the statutory mandatory minimum sentence, this claim is foreclosed by *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). Finally, the government argues that the District Court did not violate Holguin's constitutional rights by imposing the mandatory minimum five-year sentence because the relevant maximum is not the top of the Guidelines range, but rather, the 40 years established by 21 U.S.C. § 841(b)(1)(B). The government argues that although Holguin is correct that the Guidelines were mandatory at the time of his sentencing, the Supreme Court has made clear that both of its holdings in *Booker* were to apply retroactively to all cases on direct review, and there is no *ex post facto* problem because the change of the Guidelines from mandatory to advisory was the result of judicial decisionmaking, not a law of Congress.

## DISCUSSION

Title 18, Section 3553(f) of the United States Code, known as the "safety valve" statute, provides that district courts may impose sentences below the statutory mandatory minimums set forth in 21 U.S.C. §§ 841, 844, 846, 960, and 963, if certain factors are present. 18 U.S.C. § 3553(f). Specifically, a district court may sentence a defendant without regard to the statutory minimum in such cases if: (1) the defendant does not have more than one criminal history point under the Guidelines; (2) the defendant did not use violence, a credible threat of violence, or did not possess a firearm or other dangerous weapon (or induce another to do so) in connection with the offense; (3) the offense did not result in death or serious injury; (4) the defendant was not an organizer, leader, manager, or supervisor of the offense as determined under the Guidelines and was not involved in a continuing criminal enterprise; and (5) the defendant provided the government, not later than the sentencing hearing, with all information and evidence concerning the offense known to him. *See* 18 U.S.C. § 3553(f). The statute provides that a district court "shall impose a sentence pursuant to [the Guidelines], if the court finds" that the safety valve eligibility requirements have been met. *Id.*

### A. The "Shall Impose" Language of Section 3553(f)

We had previously identified and explicitly left open the question of what effect the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), has on the safety valve statute's requirement that a district court "shall impose" a sentence "pursuant to" the Guidelines if it finds the safety valve eligibility requirements met. *See United States v. Crosby,* 397 F.3d 103, 110 n. 8 (2d Cir.2005) ("We note that *Booker/Fanfan* did not explicitly excise ... section 3553(f), concerning 'safety-valve' relief, ... which state[s] that courts 'shall impose' sentences in accordance with Guidelines in certain circumstances. Because [this] provision[ ] is [not] implicated in the pending case, we do not consider what effect, if any, *Booker/Fanfan* has on [it]."). In *United States v. Selioutsky,* 409

F.3d 114 (2d Cir.2005), we examined whether the *Booker* rationale required us to excise 18 U.S.C. § 3553(b)(2), which contains specific sentencing provisions applicable to child crimes and sexual offenses, *see* 18 U.S.C. § 3553(b)(2)(A) ("In sentencing a defendant convicted of [certain child crimes and sexual offenses], the court shall impose a sentence of the kind, and within the range, referred to in [18 U.S.C. § 3553](a)(4)."). We noted that this subsection was not considered in *Booker* because neither of the defendants were sentenced pursuant to § 3553(b)(2). *See Selioutsky*, 409 F.3d at 116. Reasoning that both § 3553(b)(1) and § 3553(b)(2) mandate use of the applicable Guidelines range and that the mandatory use of the Guidelines triggered constitutional objections in *Booker*, we therefore found it necessary to excise § 3553(b)(2) and thereby make the Guidelines advisory for the offenses described therein. *See id.* at 117.

Here, § 3553(f) provides that a sentencing court "shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission ... without regard to any statutory minimum sentence," if the safety valve eligibility requirements are met. 18 U.S.C. § 3553(f). Therefore, § 3553(f) contains language similar to § 3553(b)(1) and § 3553(b)(2) in its requirement that a sentencing judge "shall impose" a sentence under the Guidelines. In the instant appeal, however, the District Court did not mandatorily impose a sentence under the Guidelines because it did not find the safety valve eligibility requirements met. Therefore, the instant appeal does not directly present the issue of the continued viability of this language. Nor does any party suggest that the viability of § 3553(f) as a whole depends on the viability of this language. Accordingly, for purposes of this appeal, we need not and will not determine whether the "shall impose" language of § 3553(f) need be excised or reconstrued.

## B. Judicial Fact-finding Under Subsection 3553(f)(1)

Holguin also argues that "the mandate under § 3553(f) that courts make certain guideline determinations as a prerequisite to safety valve eligibility, likewise, can no longer stand in light of the now wholly advisory nature of the guidelines." As to Holguin's argument concerning criminal history points and § 3553(f)(1), we reiterate our holding in *United States v. Barrero*, 425 F.3d 154 (2d Cir.2005), that Holguin's argument "conflicts with the plain terms of the statute" and cannot find support in the holding of *Booker*. *See id.* at 157. In *Barerro*, we rejected a defendant's argument that, in determining his eligibility for safety valve relief, the district court "should have considered the Guidelines advisory for purposes of calculating his criminal history points" and that "section 3553(f)(1) itself, by virtue of its reference to and incorporation of a Guidelines term (the defendant's 'criminal history points'), should be considered advisory post-*Booker*." *Id.* at 155. The defendant argued that the district court erred in "following the letter of the safety valve provision rather than its own assessment that the criminal history categorization of defendant over-stated the seriousness of his situation because the mandatory duty to apply the Guidelines was excised by *Booker*." *Id.* at 156 (internal quotation marks and alterations omitted). We rejected this argument and held (1) that the district court properly determined the number of criminal history points under the Guidelines and (2) that subsection 3553(f)(1) is mandatory, not advisory. *Id.* at 156–58. We noted that the defendant's argument that the district court should have considered the criminal history calculation requirement to be advisory "con-

flicts with the plain terms of the statute." *Id.* at 157. We also stated that the defendant's argument was more properly construed as a request "to excise subsection (f)(1), presumably on Sixth Amendment grounds." *Id.* We refused to excise subsection 3553(f)(1) on such grounds, holding that a sentencing court may engage in mandatory judicial fact-finding as to a prior conviction under § 3553(f) because the fact of a prior conviction is not required to be proven to a jury beyond a reasonable doubt under *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Barrero,* 425 F.3d at 157–58.

■ On the basis of *Barrero,* we therefore reject Holguin's claim that judicial fact-finding as to criminal history under the safety valve statute violates *Booker* or the Sixth Amendment. We noted in *Barrero* that "[w]e leave for another day whether the denial of safety valve relief based on judge-found facts as to any of the other section 3553(f) grounds might ever violate the Sixth Amendment." *Id.* at 158. We address below the validity of judicial fact-finding under subsection 3553(f)(4), which deals with a defendant's role.

### C. Judicial Fact-finding Under Subsection 3553(f)(4)

■ *Apprendi, Blakely,* and *Booker* teach that facts supporting a sentence must be found by a jury when they are either (1) a condition of guilt of the crime, or (2) permit a higher maximum sentence to be imposed. *See United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Facts that permit a higher maximum sentence are treated like conditions of guilt of a crime because they effectively function to create a separate offense. *See Apprendi,* 530 U.S. at 495, 120 S.Ct. 2348 ("When a judge's finding based on a mere preponderance of the evidence authorizes an increase in the maximum punishment, it is appropriately characterized as 'a tail which wags the dog of the substantive offense.'" (quoting *McMillan v. Pennsylvania,* 477 U.S. 79, 88, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986))).

■ Here, judicial fact-finding as to whether a defendant was a supervisor or leader (and thus barred from or entitled to safety valve relief) does not permit a higher maximum sentence to be imposed; the only effect of the judicial fact-finding is either to *reduce* a defendant's sentencing range or to leave the sentencing range alone, not to *increase* it. As the government correctly maintains, Holguin turns § 3553(f) on its head by "converting the eligibility criteria for a sentence *reduction* into elements of the offense which *increase* his maximum sentence." The statute does not require a district court to make affirmative findings on the safety valve before applying the mandatory minimum sentence in 21 U.S.C. § 841(b)(1)(B). Rather, the mandatory minimum applies whenever the quantity of cocaine involves 500 grams or more. *See* 21 U.S.C. § 841(b)(1)(B). There is no doubt in this case that the drug quantity triggering the five-year mandatory minimum and forty-year maximum of subsection 841(b)(1)(B) was proved beyond a reasonable doubt by the guilty plea. Therefore, the applicable statutory sentencing range based on Holguin's admissions was five to forty years.[1] The

---

1. Furthermore, because *Booker* instructs that sentencing ranges established by the Guidelines are only advisory, the low and high end of these ranges do not establish statutory minima or maxima implicating Sixth Amendment *Apprendi* concerns. We also conclude,

118

District Court's factual finding that he was a supervisor did not alter this range by substituting a higher maximum for the one otherwise applicable to the case. Other circuits have reached the same conclusion. *See United States v. Bermudez*, 407 F.3d 536, 544–45 (1st Cir.) ("[A] factual finding resulting in the denial of a sentencing reduction, as in the present [safety valve] case, is scarcely an 'enhancement.' "), *cert. denied*, —— U.S. ——, 126 S.Ct. 304, 163 L.Ed.2d 264 (2005); *United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir.2005) ("Nothing in *Booker*'s holding or reasoning suggests that judicial fact-finding to determine whether a *lower* sentence than the mandatory minimum is warranted implicates a defendant's Sixth Amendment rights.").

Furthermore, the Supreme Court held in *Harris v. United States*, 536 U.S. 545, 560–68, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), that judicial fact-finding by a preponderance of the evidence is permissible when used to set a minimum sentence. As the government argues, "[i]f judges may make findings that establish a sentencing floor, then *a fortiori* they may make findings that drop a defendant's sentence below that floor as with the safety valve." Furthermore, our decision in *United States v. Gonzalez*, 420 F.3d 111 (2d Cir. 2005), acknowledged this aspect of *Harris* in concluding that drug quantities that increase sentencing maximums as well as minimums required proof beyond a reasonable doubt. *See id.* at 127–29. Here, the District Court's finding that Holguin did not qualify for safety valve relief confirmed that the statutory mandatory minimum applied but did not increase the maximum sentence.

 Our recent opinion in *United States v. Estrada*, 428 F.3d 387 (2d Cir.2005), similarly conforms to this aspect of *Harris*. In *Estrada*, the statute at issue provided for increased mandatory minimum sentences based on a defendant's prior felony drug convictions while the statutory maximum of life remained constant (i.e., mandatory minimum of 20 years for one prior conviction and mandatory minimum of life for two prior convictions). *See id.* at 388–89. The district court found that the defendant had two prior felony drug convictions and thus imposed a mandatory minimum life sentence. *See id.* at 388. We held that the district court permissibly engaged in fact-finding as to the prior convictions that subjected the defendant to a mandatory life sentence because that fact-finding could not increase the statutory maximum. *Id.* at 390. We stated that:

> We recognize that sentencing factors typically channel judicial discretion within the range authorized by the jury's verdict, increasing the minimum sentence and therefore narrowing the range within which a judge may exercise sentencing discretion. In cases such as this one, where the mandatory minimum is equivalent to the statutory maximum, the trial judge is left with no discretion in determining an appropriate sentence once he or she finds that the mandatory minimum applies. While this circumstance deprives the judge of sentencing discretion, the finding nonetheless restrains the judge's power *within the outer limits set by the applicable statutory maximum*, and the finding thus does not increase the penalty *beyond* the prescribed statutory maximum.

*Id.* (first emphasis added) (internal citation and quotation marks omitted). We thus

for reasons stated *infra*, that retroactive application of this aspect of *Booker* does not create

*ex post facto* concerns.

concluded that judicial fact-finding that resulted solely in an increased mandatory minimum sentence fit within the *Harris* paradigm. *Id.* Similarly, here, we conclude that judicial fact-finding that confirms an already-applicable mandatory minimum is constitutional under *Harris.*

 Holguin also argues that the government has the burden to prove that a defendant was an organizer, leader, or supervisor under subsection 3553(f)(4) and that, accordingly, such facts must be proven beyond a reasonable doubt under the Sixth Amendment. Holguin does not cite any cases in support of his position as to the government's burden under subsection 3553(f)(4) but cites by analogy the government's obligation to prove a defendant's criminal history or aggravating role in the offense for purposes of determining a defendant's sentencing range under the Guidelines. Def. Supp. Letter at 2 (citing *United States v. Butler,* 970 F.2d 1017, 1026 (2d Cir.1992)). As a rule, "[a] defendant bears the burden of proving that he has met all five safety valve criteria" to qualify for sentencing pursuant to 18 U.S.C. § 3553(f) rather than a mandatory statutory minimum. *See United States v. Tang,* 214 F.3d 365, 371 (2d Cir.2000). On the other hand, § 3553(f) provides that the safety-valve requirement that "the defendant was not an organizer, leader, or manager or supervisor," is "determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(4). Under the Guidelines, it is the government's burden to prove that a defendant qualifies for a leadership role enhancement pursuant to U.S.S.G. § 3B1.1. *See United States v. Williams,* 247 F.3d 353, 358 n. 7 (2d Cir.2002) (noting that "[t]he government bears the burden of proving, by a preponderance of the evidence, facts relevant to sentencing"); *see also United States v. Al–Sadawi,* 432 F.3d 419, 426–27 (2d Cir.2005). We need not resolve this burden issue, however, be-

cause assuming arguendo that it is the government's burden, that mere fact does not change the quantum of proof required. As we explained above, where a fact does not expose a defendant to an increased maximum, the Sixth Amendment does not require that fact to be found by a jury beyond a reasonable doubt. Whether it is the government's burden or the defendant's burden is not dispositive.

██ The foregoing makes clear that the fact of a defendant's role in the offense for purposes of safety valve eligibility is a sentencing factor, as opposed to an element of a narcotics offense. Therefore, because district courts may still make findings as to sentencing factors based on a preponderance of the evidence, *see United States v. Garcia,* 413 F.3d 201, 220 n. 15 (2d Cir.2005) ("Judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker.*"), the District Court did not violate Holguin's Fifth or Sixth Amendment rights by finding by a preponderance of the evidence that Holguin was a supervisor and thus that he was not entitled to safety valve relief.

██ Finally, there is no *ex post facto* problem with applying *Booker*'s remedial holding to Holguin on direct appeal and considering the relevant maximum sentence to be the forty-year maximum set forth in the statute, rather than the top of the Guidelines range that was otherwise applicable. We recently held in *United States v. Vaughn,* 430 F.3d 518 (2d Cir. 2005), that application of *Booker* to cases on direct review does not violate the *ex post facto* principle of the Due Process Clause. There, appellants claimed that the application of the remedial holding of *Booker* violates *ex post facto* principles because before *Booker,* defendants were only exposed to sentences within the

*Guidelines* range, and after the *Booker* remedy, they are exposed to sentences anywhere within an applicable *statutory* range. Thus, they argued, *Booker* exposed them to greater sentences than they would have faced before *Booker*.

We held that appellants' claim failed for two reasons. First, we noted "in *Booker*, the Supreme Court expressly stated that both holdings should be applied to then-pending cases on direct review." *Id.* at 524 (citing *Booker*, 125 S.Ct. at 769). Second, "while the Supreme Court noted in *Rogers v. Tennessee* that limitations on *ex post facto* judicial decisionmaking are inherent in the notion of due process, the Court anchored its analysis in core concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Id.* (internal citations and quotation marks omitted). We reasoned that

> [j]ust as appellants had fair warning that their conduct was criminal, they also had fair warning of the potential penalties they faced for conspiring to distribute marijuana. The relevant maximum applicable to the drug quantity found by the jury at the time the appellants committed their offense was the statutory maximum of twenty years' imprisonment. Appellants also had fair notice at that time that their sentences could be based on a judicial determination of the quantity of marijuana involved in their offense as long as the sentences were below the relevant statutory maximum. The sentences imposed by the district court were below the statutory maximum and within the range prescribed by the Guidelines for the quantity of drugs the court determined to have been involved in the appellants' crime. Even under pre-*Booker* law, defendants faced

the possibility of sentences anywhere within the applicable statutory range. *Id.* (internal citation omitted). We therefore joined the First, Fifth, Seventh, Ninth, and Eleventh Circuits in finding that courts may, consistent with *ex post facto* principles, apply *Booker*'s remedial holding on direct review. *See id.* at 524–25 (collecting cases).

## CONCLUSION

For the foregoing reasons, we conclude that the District Court did not err in considering the Guidelines mandatory for purposes of determining the defendant-appellant's criminal history and role under 18 U.S.C. § 3553(f), and that the District Court did not violate the defendant-appellant's Fifth or Sixth Amendment or due process rights when it rejected his request for safety valve relief after finding, by a preponderance of the evidence, that the defendant-appellant's role was that of a supervisor of jointly undertaken criminal activity. Accordingly, the judgment of the District Court is AFFIRMED.