UNITED STATES of America,
Appellee,

v.

Fernando BOSCH, Defendant–
Appellant.

No. 06–4490–cr.

United States Court of Appeals,
Second Circuit.

July 2, 2008.

Jeremiah Donovan, Old Saybrook, CT, for Defendant–Appellant.

Lauren M. Ouziel, Assistant United States Attorney (Lev L. Dassin, Assistant United States Attorney, of counsel; Michael J. Garcia, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, Hon. WILLIAM K. SESSIONS III,\* District Judge.

**SUMMARY ORDER**

Defendant–Appellant Fernando Bosch appeals from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge* ) entered on September 22, 2006 convicting

---

\* The Honorable William K. Sessions III, Chief Judge of the United States District Court for

the District of Vermont, sitting by designation.

him, after a plea of guilty, of one count of conspiring to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and sentencing him principally to 121 months' imprisonment.

On appeal, Bosch raises two challenges to his sentence, arguing that the District Court erred (1) in denying him relief under the "safety-valve" statute, 18 U.S.C. § 3553(f), and (2) in finding him responsible for at least three kilograms of heroin. We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal. For the reasons that follow, we affirm the judgment of the District Court.

We review a district court's interpretation of the Sentencing Guidelines *de novo*, and apply the clear error standard when evaluating a district court's findings of fact. *See United States v. Richardson*, 521 F.3d 149, 156 (2d Cir.2008).

### A. Safety–Valve Relief

Under 21 U.S.C. § 841(b)(1)(A)(i), Bosch was subject to a statutory mandatory minimum sentence of 120 months' imprisonment. Pursuant to 18 U.S.C. § 3553(f), a district court may grant safety-valve relief and depart below this statutory mandatory minimum if, among other things, "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); *see also* U.S.S.G. § 5C1.2 (incorporating statutory criteria); *United States v. Jimenez*, 451 F.3d 97, 98 (2d Cir.2006) (per curiam); *United States v. Castillo*, 460 F.3d 337, 354 (2d Cir.2006), *abrogated on other grounds by Kimbrough v. United States*, —— U.S.

——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

As a preliminary matter, Bosch argues that he was entitled to have a jury, rather than the District Court, determine his eligibility for safety-valve relief and that the government should have borne the burden of proving, beyond a reasonable doubt, that he had not provided the requisite truthful information to qualify for safety-valve relief. As Bosch concedes, these arguments are foreclosed by our precedents, and Bosch provides no reason, nor do we see one, to revisit them. The District Court did not err in imposing on Bosch the burden of proving that he had provided "the requisite truthful information to the government," nor in making this determination itself based upon a preponderance of the evidence. *See Jimenez*, 451 F.3d at 103; *United States v. Holguin*, 436 F.3d 111, 119 (2d Cir.), *cert. denied*, 547 U.S. 1185, 126 S.Ct. 2367, 165 L.Ed.2d 290 (2006).

Bosch also argues that the District Court erred in finding him not "entirely forthcoming in describing his involvement in drug trafficking" and in making this factual determination with insufficient clarity. Specifically, Bosch contends that in his testimony to the District Court he was more forthcoming than he had been in his proffer session.

Nevertheless, as the government argues, the District Court found Bosch ineligible for safety-valve relief based on its determination that Bosch's testimony itself was "not credible," "was conflicting and inconsistent at times," and "quite evasive on some issues." The record reflects that the District Court decided to credit the testimony of Quelis Mendoza regarding the extent of Bosch's heroin trafficking. Although Bosch testified that he began trafficking in heroin in late 2003, Mendoza testified that he began regularly supplying

Bosch with heroin in 2002. Bosch's testimony regarding whether Juan Galarza ever supplied him with heroin was evasive, whereas Mendoza testified that Galarza had done so and he had spoken with Bosch about this. The record supports the District Court's determination that Bosch was not "entirely forthcoming" regarding "his activities with Mr. Mendoza" and "other drug dealers or potential drug dealers." The District Court's preponderance determination that Bosch had failed to establish that he had truthfully provided a complete account to the government was not clearly erroneous. Furthermore, the District Court adequately discharged its obligation to make this factual finding with sufficient clarity. *See United States v. Gambino,* 106 F.3d 1105, 1111 (2d Cir.1997).

### B. Drug Quantity

██ Bosch next argues that the District Court erred in finding him responsible for at least three kilograms of heroin. "When addressing a claim that there was insufficient evidence to support a district court's drug quantity finding, we are mindful that the district court has broad discretion to consider all relevant information and the quantity determination will not be disturbed unless it is clearly erroneous." *United States v. Snow,* 462 F.3d 55, 72 (2d Cir.2006) (internal quotation marks omitted), *cert. denied,* —— U.S. ——, 127 S.Ct. 1022, 166 L.Ed.2d 770 (2007).

Mendoza testified that he supplied Bosch with an average of 100 grams of heroin, three times a month, for approximately two years. Even crediting Bosch's testimony to the effect that he was out of the country for almost one year, the record supports the determination that Bosch is responsible for at least three kilograms of heroin.

Bosch argues that the District Court should have rejected Mendoza's testimony because he "was a highly unreliable witness," who had lied to prosecutors, was biased against Bosch and could only provide vague approximations. The District Court was, however, free to make this credibility determination and to estimate the amount of heroin involved. *See United States v. McLean,* 287 F.3d 127, 133 (2d Cir.2002); U.S.S.G. § 2D1.1, cmt. n. 12 ("Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance."). The District Court's preponderance determination of the quantity of heroin in excess of one kilogram properly attributable to Bosch was not clearly erroneous.

We have considered all of Bosch's arguments and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.