09-3625-cr
United States v. Marte

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of January, two thousand eleven.

PRESENT: DENNIS JACOBS,
                                    <u>Chief Judge</u>,
                    RICHARD C. WESLEY,
                    DENNY CHIN,
                                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
            <u>Appellee</u>,

            -v.-                                            09-3625-cr

CESAR MARTE,
            <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Paul DerOhannesian, Albany, New York.

FOR APPELLEE:              Terrence M. Kelly, Elizabeth S. Riker, Assistant United States Attorneys, Of Counsel, <u>for</u> Richard S. Hartunian, United States Attorney for the Northern

District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Cesar Marte pleaded guilty, without a plea agreement, to one count of possessing with intent to distribute more than 500 grams of cocaine. See 21 U.S.C. § 841(a), (b)(1)(B). On appeal, Marte challenges his sentence, arguing that the district court erred in finding him ineligible for safety-valve relief. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The defendant bears the burden of proving eligibility for safety-valve relief. See 18 U.S.C. § 3553(f); U.S. Sentencing Guidelines Manual § 5C1.2(a); United States v. Jimenez, 451 F.3d 97, 102 (2d Cir. 2006) (per curiam). To do so, the defendant must prove, inter alia, that "not later than the time of the sentencing hearing," he "truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f); see also Jimenez, 451 F.3d at 102-03.

The district court found Marte ineligible because Marte failed to persuade the court that he had truthfully and fully disclosed the extent of the involvement of another individual in the drug transaction. On the record before us, we cannot say that the district court committed clear error in finding Marte ineligible for safety-valve relief.[1] See United States v. Nuzzo, 385 F.3d 109, 118-19 & n.25 (2d Cir. 2004) ("While a district court may find the [truthful proffer] criterion of the safety valve satisfied despite

---

[1] The district court cited inconsistencies between Marte's statement upon his arrest and his testimony at the evidentiary hearing, discrepancies between Marte's statements and the video-taped drug transaction, and Marte's disavowal of a portion of a letter written to the government by defense counsel.

prior lies and omissions, neither a district court nor this Court is precluded from considering those prior lies and omissions in determining whether the defendant has met his burden of proving that the information provided as of sentencing is complete and truthful."); United States v. Conde, 178 F.3d 616, 620 (2d Cir. 1999).

Marte contends that after he represented that he had come forward with all the relevant information within his possession, the burden shifted to the government to show why a safety valve reduction was not justified. Such a shift in burden is not supported by any precedent in our Circuit. "As a rule, a defendant bears the burden of proving that he has met all five safety valve criteria to qualify for sentencing pursuant to 18 U.S.C. § 3553(f) rather than a mandatory statutory minimum." United States v. Holquin, 436 F.3d 111, 119 (2d Cir. 2006) (internal quotation marks and alterations omitted).

Accordingly, having reviewed all of Marte's arguments on appeal, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK