09-4930-cr
United States v. Hernandez

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand eleven.

PRESENT:

RALPH K. WINTER,
JOSEPH M. McLAUGHLIN,
PETER W. HALL,
*Circuit Judges.*

UNITED STATES OF AMERICA,

*Appellee,*

v.                                    No. 09-4930-cr

JAIRO GABRIEL MONTOYA HERNANDEZ, ALSO KNOWN AS MAXIMO, ALSO KNOWN AS EL INGENIERO,

*Defendant-Appellant.*

FOR APPELLEE:                    PREET BHARARA, United States Attorney for the Southern District of New York, New York, NY (Steve C. Lee, William J. Harrington, Katherine Polk Failla, Assistant United States Attorneys, of counsel).

FOR DEFENDANT-APPELLANT:          JANE SIMKIN SMITH, Millbrook, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jairo Gabriel Montoya Hernandez appeals from a November 20, 2009 judgment convicting him, following a guilty plea, of conspiring to possess with intent to distribute heroin in violation of 21 U.S.C. § 846 and conspiring to import heroin into the United States in violation of 21 U.S.C. § 963. Following a *Fatico* hearing, *see United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979), held to resolve disputed factual issues concerning Hernandez's so-called safety valve eligibility under 18 U.S.C. § 3553(f), the district court found Hernandez was an "organizer or leader" of criminal activity under U.S.S.G. § 3B1.1(a) and thus ineligible for safety valve relief. The district court subsequently imposed a below-Guidelines concurrent sentence of 150 months' imprisonment on each count, to be followed by two five-year terms of supervised relief, which also are to run concurrently. We assume the parties' familiarity with the facts and procedural history of the case.

On appeal, Hernandez argues principally that (1) the district court committed plain error by placing the burden of proof on Hernandez, rather than on the government, to establish that he was not "an organizer, leader, manager, or supervisor of others in the offense" pursuant to 18 U.S.C. § 3553(f)(4); (2) the court also committed plain error by requiring him to testify at the *Fatico* hearing in violation of his Fifth Amendment right against self-incrimination; and (3) his

trial counsel provided ineffective assistance at the *Fatico* hearing.[1]  We consider each of these

arguments in turn.

First, we begin by noting the record is not clear as to whether the district court in fact

placed the burden on Hernandez to prove his eligibility for safety valve relief.  Assuming

arguendo the court's requirement that Hernandez testify at the *Fatico* hearing did place the

burden on him, we conclude that action does not constitute plain error.  Hernandez contends that

because safety valve eligibility in this case depends exclusively on 18 U.S.C. § 3553(f)(4), which

incorporates an enhancement provision of the Sentencing Guidelines, the initial burden should

have been on the government to prove the application of the enhancement.  Specifically, under

the statute it is a prerequisite for safety-valve relief that the "defendant was not an organizer,

leader, manager, or supervisor of others in the offense, as *determined under the sentencing

guidelines*."  18 U.S.C. § 3553(f)(4) (emphasis added).  Guideline § 5C1.2(a)(4) employs the

same language, and in an application note explains that it "means a defendant who receives an

adjustment for an aggravating role under § 3B1.1."  U.S.S.G. § 5C1.1 cmt. n.5.

"As a rule, a defendant bears the burden of proving that he has met all five safety valve

criteria to qualify for sentencing pursuant to 18 U.S.C. § 3553(f) rather than a mandatory

statutory minimum."  *United States v. Holguin*, 436 F.3d 111, 119 (2d Cir. 2006) (brackets and

internal quotation marks omitted).  On the other hand, "[u]nder the Guidelines, it is the

---

[1]Hernandez essentially concedes that he neither raised the burden of proof issue under 18 U.S.C. § 3553(f)(4) below nor apprised the court that requiring him to testify at the *Fatico* hearing violated his Fifth Amendment rights.  Because these issues were not raised in the district court, they are deemed forfeited unless our standard for plain error is met.  *See United States v. Keppler*, 2 F.3d 21, 23 (2d Cir. 1993); *see also* Fed. R. Crim. P. 52(b).

government's burden to prove [by a preponderance of the evidence] that a defendant qualifies for a leadership role enhancement pursuant to U.S.S.G. § 3B1.1." *Id.* Although we recognized in *Holguin* that the cross-reference to U.S.S.G. § 3B1.1 creates uncertainty about where the burden lies with respect to the fourth criterion for safety valve relief, we did not resolve the issue at that time, and we decline to do so now. *See id.*

As this Court has yet to address the issue, the district court's placing the burden on the defendant to prove eligibility for safety valve purposes cannot constitute plain error. *See United States v. Kaiser*, 609 F.3d 556, 565 (2d Cir. 2010) (under plain error standard, defendant must demonstrate that any error is "clear or obvious, rather than subject to reasonable dispute"). Moreover, as the government argues, the allocation of the burden is not a determinative factor in this case. In light of the court's credibility determinations and factual findings, the record evidence amply supports that Hernandez was an "organizer or leader" in the drug conspiracy and thus any burden shifting error did not affect Hernandez's substantial rights. *See United States v. Marcus*, 628 F.3d 36, 42 (2d Cir. 2010) (stating error affects substantial rights when it affects the outcome of the district court proceedings).

Second, we consider Hernandez's assertion that, regardless of whether he shouldered the burden of proof, the district court violated his Fifth Amendment right not to testify at sentencing when it forced him to take the stand to contest the aggravating role enhancement. *See Mitchell v. United States*, 526 U.S. 314, 322, 326 (1999) (Fifth Amendment provides a "safeguard against judicially coerced self-disclosure" that extends to sentencing (internal quotation marks omitted)). He argues this directive was especially egregious since the court ultimately punished him on the

4

basis of that testimony.  We find no error, plain or otherwise, in the district court's requirement that Hernandez testify at the *Fatico* hearing.

In the apparent hope of distinguishing contrary authority, Hernandez argues that because the government objected to safety valve eligibility on the basis of his leadership role, the court had no basis for directing him to take the stand and proffer his knowledge of the charged offense. By grounding his Fifth Amendment argument in the court's requirement that he testify to challenge the leadership role enhancement and not his safety valve eligibility, Hernandez invites us to lose sight of the forest for the trees.  Hernandez requested a *Fatico* hearing because he wanted to demonstrate that he had "complied with the five requisites to get to the safety valve." The fact that the government argued Hernandez was ineligible for safety valve relief based on his role in the offense does not somehow absolve him from proving his eligibility with respect to the remaining § 3553(f) factors.

The law is clear that every defendant seeking the benefit of safety valve relief must meet five specific requirements, *see* 18 U.S.C. § 3553(f)(1)-(5), including that defendant provide a truthful proffer to the government about "all he knows concerning both his involvement and that of any co-conspirators," *United States v. Ortiz*, 136 F.3d 882, 883 (2d Cir. 1997) (internal quotation marks omitted).  This proffer requirement clearly includes the defendant's role in the offense.  Additionally, the law is also clear that the safety valve proffer requirement does not contravene the Fifth Amendment privilege against self-incrimination.  *See United States v. Cruz*, 156 F.3d 366, 374-75 (2d Cir. 1998).  Because Hernandez chose to contest his eligibility for safety valve relief at a *Fatico* hearing—a decision we note occurred after much equivocation and

the day before sentencing—the district court did not violate his Fifth Amendment rights by requiring him to testify in order to demonstrate his qualifications.

Third, Hernandez argues his former counsel was ineffective at the *Fatico* hearing for failing (1) to argue the government bore the burden of proving the role enhancement under § 3553(f)(4); (2) to challenge the court's determination that Hernandez was required to testify; (3) to object to the court's consideration of various pro se letters written by Hernandez to the court; (4) to "call into question" certain statements that co-defendants had made about Hernandez in safety valve proffers with the government; and (5) failing to object to the government's proffer of the post-arrest Drug Enforcement Agency ("DEA") interview with Hernandez. A defendant seeking to overturn a conviction on the ground of ineffective assistance must demonstrate both (1) that counsel's performance was deficient, *Strickland v. Washington*, 466 U.S. 668, 687 (1984); and (2) that counsel's ineffectiveness prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

This Court has expressed a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Williams*, 205 F.3d 23, 35 (2d Cir.), *cert. denied*, 531 U.S. 885 (2000). As the Supreme Court explained, "in most cases a motion brought under 28 U.S.C. § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance," because the district court is the forum best suited to develop the facts necessary to evaluate such claims. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Following *Massaro*, we observed that ineffectiveness claims should only be resolved on direct appeal "when their resolution is beyond

any doubt or to do so would be in the interest of justice." *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted).

In accord with our determinations of Hernandez's arguments regarding burden of proof and a Fifth Amendment violation, we hold that the first two bases offered by Hernandez in support of his ineffective assistance claim are without merit. Additionally, we hold that his counsel's failure to object to the court's consideration of Hernandez's various letters to the court as well as counsel's failure to "call into question" statements co-defendants made about Hernandez also lack merit because Hernandez has failed to show prejudice given the district court's limited reliance on the letters and statements in reaching its decision. In the absence of a more fully developed record concerning the DEA's interview with Hernandez, however, we conclude that this issue would be better addressed in the first instance by the district court. *See, e.g., United States v. Iodice*, 525 F.3d 179, 186 (2d Cir. 2008). We therefore deny that portion of the appeal asserting this argument but do so without prejudice to it being raised in a 28 U.S.C. § 2255 proceeding.

We have considered all of Hernandez's other contentions on this appeal and have found them to be without merit. For the reasons stated, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7