*United States of America v. Caballero*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 5th day of December, two thousand sixteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
                RALPH K. WINTER,
                GUIDO CALABRESI,
                        *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                *Appellee*,

                v.                                                    No. 15-1452

SAUL CABALLERO, a/k/a Paisa,
a/k/a Fernando PenaBaez,

                *Defendant-Appellant*,

JOSE HINOJOSA, JUAN PAULINO, a/k/a Shorty,
CHARLIE FERNANDEZ, EFRAIN RODRIGUEZ,
PEDRO BRITO, a/k/a Cabrito, a/k/a Leica, a/k/a Francisco
Ortega-Almanzar, LORENZO RIVERAS-QUEZADA, a/k/a
Chente, EDWARD RODRIGUEZ-MARTINEZ, CUELLAR
NANCY CASTENEDA, BRINNEL RAHIMER HILARIO-
LOPEZ, a/k/a Brahilion Lopez, a/k/a Boquera, a/k/a Bokera,
HECTOR MENA,

                *Defendants*.

---

For Defendant-Appellant:       Darrell B. Fields, Of Counsel, Federal Defenders of New York, New York, NY.

For Appellee:                  Patrick Egan and Michael Ferrara, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Saul Caballero appeals from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*) sentencing him principally to 210 months' imprisonment for conspiring to distribute and possess with intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and for conspiring to distribute and possess with intent to distribute 500 grams and more of methamphetamine, also in violation of §§ 846 and 841(b)(1)(A). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On March 26, 2014, Caballero pleaded guilty to both counts of a Superseding Indictment. At the plea hearing, the government stated its intent to seek a four-level enhancement under § 3B1.1 of the United States Sentencing Guidelines for Caballero's role, in the government's view, as an "organizer or leader" of the charged conspiracies. Caballero objected to the role enhancement and requested a *Fatico* hearing. Prior to the *Fatico* hearing, Caballero filed a motion requesting that the district court submit the question of Caballero's role to a jury for determination beyond a reasonable doubt. Caballero's motion was premised on the fact that a finding that he was an "organizer or leader" or "manager or supervisor" of either conspiracy

2

would render him ineligible for safety valve relief from the 10-year mandatory minimum sentence he faced for his convictions.[1] Caballero asserted that the availability of the safety valve — in conjunction with the principle that, under the Sixth Amendment, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" — rendered Caballero's leadership role an "element" that required a jury determination beyond a reasonable doubt. *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013).

On February 24, 2015, the district court denied Caballero's motion for a jury determination of his leadership role and found, based on the evidence adduced at the *Fatico* hearing, that the government had "proved by a preponderance of the evidence that Caballero acted as a manager or supervisor of the underlying heroin distribution conspiracy," albeit not the methamphetamine distribution conspiracy. *United States v. Caballero*, 93 F. Supp. 3d 209, 211 (S.D.N.Y. 2015). As such, Caballero did not qualify for safety valve relief and remained subject to a 10-year mandatory minimum sentence.

On appeal, Caballero argues (1) that his Sixth Amendments rights were violated when the district court found facts that rendered him ineligible for safety valve relief, (2) that the district court's finding that Caballero was a "manager or supervisor" of the heroin distribution conspiracy was erroneous in any case, and (3) that his 210-month sentence is substantively unreasonable. We reject each argument.

In *Alleyne v. United States*, the Supreme Court extended its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to hold that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."

---

[1] The safety valve statute provides that, in the case of certain offenses (including the narcotics offenses at issue here), courts shall impose a sentence "without regard to any statutory minimum sentence" if the court finds at sentencing proceedings, *inter alia*, that "the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(4).

*Alleyne*, 133 S. Ct. at 2155. Because "[m]andatory minimum sentences increase the penalty for a crime . . . any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* Here, however, the district court's finding that Caballero played a managerial and supervisory role in the heroin distribution conspiracy did not "increase" Caballero's mandatory minimum, nor did it trigger it. As this Court reasoned in rejecting a near-identical challenge before *Alleyne* issued, the safety valve "statute does not require a district court to make affirmative findings . . . before applying the mandatory minimum sentence." *United States v. Holguin*, 436 F.3d 111, 117 (2d Cir. 2006). "Rather, the mandatory minimum applies whenever" the drug quantity at issue exceeds the relevant statutory threshold, which, in this case, "was proved beyond a reasonable doubt by [Cabellero's] guilty plea." *Id.* "[T]he only effect of the judicial fact-finding is either to *reduce* a defendant's sentencing range or to leave the sentencing range alone, not to *increase* it." *Id.*[2] Because *Alleyne* is concerned with judicial fact-finding that "aggravates" the legally prescribed punishment, the statutory lenity embodied by the safety valve is not implicated. 133 S. Ct. at 2158; *see also United States v. Jacques*, 555 F. App'x 41, 50 (2d Cir. 2014) (summary order) (rejecting defendant's theory on plain error review and noting that *Alleyne* "len[t] no support" to defendant's argument).[3]

---

[2] *Holguin* relied in part on the Supreme Court's holding in *Harris v. United States*, 536 U.S. 545 (2002), that judicial fact-finding that increases a mandatory minimum sentence does not run afoul of the Sixth Amendment. *See Holguin*, 436 F.3d at 118–19 (citing *Harris*, 536 U.S. at 560–68). *Alleyne* squarely overruled *Harris*, so those portions of *Holguin* that relied on *Harris* can no longer be deemed good law. *See Alleyne*, 133 S. Ct. at 2155. *Holguin*'s analysis of the effect of the safety valve statute on a mandatory minimum remains valid and highly relevant, however.

[3] Every circuit to have considered the issue has rejected Caballero's argument for substantially these reasons. *See United States v. Leanos*, 827 F.3d 1167, 1169 (8th Cir. 2016) ("Five of our sister circuits have addressed this specific issue, and all five have declined to extend *Alleyne* in th[is] manner . . . ."); *United States v. King*, 773 F.3d 48, 55 (5th Cir. 2014) ("*Alleyne* emphasizes the aggravating nature of increasing a mandatory minimum sentence. In contrast, the safety valve at issue here *mitigates* the penalty." (citation omitted)); *United States v. Lizarraga-Carrizales*, 757 F.3d 995, 999 (9th Cir. 2014) ("[T]he denial of safety valve relief does not

4

Turning to whether the leadership enhancement was warranted on the merits, "we review a district court's determination that a defendant deserves a leadership enhancement under § 3B1.1 *de novo*," while "review[ing] the court's findings of fact supporting its conclusion only for clear error." *United States v. Hertular*, 562 F.3d 433, 449 (2d Cir. 2009). Under § 3B1.1(b) of the Sentencing Guidelines, a three-level enhancement to a defendant's offense level is warranted "[i]f the defendant was a manager or supervisor (but not an organizer or leader) [of the offense] and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). "A defendant may properly be considered a manager or supervisor if he exercised some degree of control over others involved in the commission of the offense." *United States v. Diamreyan*, 684 F.3d 305, 309 (2d Cir. 2012) (per curiam) (internal quotation marks omitted).

Here, the district court found that Caballero "supervised the key aspects of obtaining and distributing the heroin;" "exercised authority over the extraction process and the individuals involved;" "issued instructions to his co-conspirators and managed key logistics to procure, transport, pay for and distribute heroin;" and otherwise "directed the actions of his co-conspirators." *Caballero*, 93 F. Supp. 3d at 218.

Caballero asserts that the individuals the district court found him to have exercised control over were in fact experienced practitioners of the drug trade who did not require Caballero's guidance or instruction. But the relevant question under our case law is whether Caballero "exercised some degree of control" over these individuals, not whether he groomed or trained them. *Diamreyan*, 684 F.3d at 309. In any event, Caballero does not contend that the district court's findings were clearly erroneous. And those findings amply support the district

increase the statutory maximum or minimum such that *Alleyne* is implicated."); *United States v. Silva*, 566 F. App'x 804, 807–08 (11th Cir. 2014) (unpublished per curiam); *United States v. Juarez-Sanchez*, 558 F. App'x 840, 843 (10th Cir. 2014) (unpublished); *United States v. Harakaly*, 734 F.3d 88, 99 (1st Cir. 2013) ("Judicial fact-finding that precludes safety-valve relief is permissible because it does not increase th[e] baseline minimum sentence.").

court's determination that Caballero qualified as a "manager" or "supervisor" of the heroin distribution conspiracy under § 3B1.1 of the Sentencing Guidelines. Accordingly, the district court committed no error in applying the role enhancement at sentencing.

Finally, "[w]e review a sentence for . . . substantive reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Caballero argues that his 210-month sentence was substantively unreasonable in light of his age, poor health, lack of criminal history, likely deportation following release, and the non-violent nature of his offense. In particular, Caballero argues that his sentence, which was at the bottom of the Guidelines range, is akin to a life sentence because a doctor consulted for purposes of sentencing determined that he has a life expectancy of 14 additional years. However, the district court's rationale for imposing a 210-month sentence — focused on Caballero's ability to recidivate and the need to protect the public — was both reasoned and reasonable. Moreover, Caballero overstates the import of the doctor's report on which he relies. The report itself explains that "life expectancy refers to *the average survival time in a large group of persons similar to the individual*. It is not a prediction of the actual number of years the individual will live." App. 304. It was not unreasonable for the district court to decline to impose a more lenient sentence solely on account of Caballero's poor health. The district court's sentence was well within the range of permissible outcomes.

We have considered all of the defendant's argument on this appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6